UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHERIE BOTTCHER,

                              Plaintiff,                              ORDER

    -against-                                                       CV 09-5462 (JS)(ETB)

SUFFOLK COUNTY SHERIFF'S OFFICE et al.,

                              Defendants.
------------------------------------------------------------------------X

        Defendants' letter application dated January 14, 2013 is denied on the ground that it is untimely. See Order dated Dec. 16, 2009 at 3 (stating that discovery demands must be served at least forty-five (45) days in advance of the discovery completion date to support a request for court intervention and that any motion for court intervention relating to discovery must be filed at least thirty (30) days prior to discovery completion).

        This action is over three years old. Although discovery was stayed until July 2011 due to the pendency of criminal charges against plaintiff, the parties have had eighteen months to conduct discovery. This is more than ample time. See Fed. R. Civ. P. 26(b)(2)(C)(ii). During that period, there have been four discovery extensions since July 11, 2011. The parties were advised on July 19, 2012 that no further extensions would be granted. This motion by defendants comes after discovery finally ended on December 31, 2012. Lastly, I note that the sole purpose of this final discovery extension, which occurred on October 19, 2012, was to conduct the psychological examination that the plaintiff had consented to. Notwithstanding that, defendants failed to take advantage of the opportunity afforded. See Correspondence of Pl. Counsel dated Jan. 14, 2013 at 1.

Accordingly, defendants' request to preserve the right to conduct a psychological examination and to strike damages for emotional distress is denied. See Hnot v. Willis Group Holdings, Ltd., No. 01 Civ. 6558, 2006 WL 2381869, at *3 (S.D.N.Y Aug. 17, 2006) ("[A] scheduling order is the critical path chosen by a trial judge and the parties to fulfill the mandate of [Federal Rule of Civil Procedure] 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action . . . In order to establish good cause [to modify the scheduling order], the moving party must demonstrate diligence in its effort to comply with the court-ordered deadlines.") (citing Goewey v. United States, 886 F. Supp. 1268, 1283 (D.S.C. 1995) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (additional citations omitted).

Discovery is certified as complete as of December 31, 2012.  A joint pre-trial order shall be filed, consistent with the individual rules of the assigned district judge, on or before March 4, 2013.  Any party seeking leave to file a motion for summary judgment shall initiate that request, consistent with the individual rules of the assigned district judge, on or before February 15, 2013.  This action is trial ready, subject to the foregoing requirements.

A status conference will be held on October 9, 2013 at 11:00 a.m., by telephone.  Plaintiff's counsel is directed to initiate the conference call and to have all parties on the line prior to connecting the court (631-712-5710).  The call must be placed through the teleconference operator provided by your long-distance service.

**SO ORDERED:**

Dated: Central Islip, New York
January 15, 2013

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge